**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **THOMAS BON STOUT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-11-0084-HE |
| | ) |
| **OKLAHOMA DEPARTMENT OF** | ) |
| **CORRECTIONS,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights at the Lawton Correctional Facility (LCF). *See* Plaintiff's Complaint [Doc. No. 1]. Three defendants remain:[2] LCF Warden David Miller, LCF Trust Fund Manager Mindy Mask, and LCF/GEO.[3] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

In accordance with the undersigned's order and *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), LCF has filed a Special Report [Doc. No. 36]. Defendants Miller and Mask have filed a Motion to Dismiss/Motion for Summary Judgment [Defendant's Motion, Doc. No.

---

[1] Since the filing of the complaint, Plaintiff has been released from custody. *See* Doc. No. 46.

[2] The motion to dismiss filed by the Oklahoma Department of Corrections (DOC) has been granted and the claims against the DOC dismissed. Order [Doc. No. 57].

[3] GEO, Inc. is the corporate owner of LCF. Perhaps understanding that any claim against LCF as an entity would necessarily include GEO, Inc., Plaintiff has identified this defendant as one party - "LCF/GEO."

37], and Plaintiff has responded [Plaintiff's Objection, Doc. No. 40]. For the reasons that follow, the undersigned recommends that Plaintiff's claim involving his bartering misconduct and the claims against Defendant LCF/GEO[4] be dismissed on screening and that Defendants' motion be granted as to Plaintiff's remaining claims.

## Plaintiff's Allegations

Plaintiff's complaint generally challenges his placement on lock-down and other restrictions following what he describes as a "gang fight" among inmates at LCF in late August 2010. The complaint has been liberally construed to raise the following claims.[5] Plaintiff first alleges that together with other Native American inmates, he was removed from general population and segregated based on race and without a hearing. Complaint, pp. 5-6, 9.[6] Second, Plaintiff alleges that he was denied access to court by Defendants Miller and Mask. *Id.*, pp. 5, 7-8. Third, Plaintiff asserts that his misconduct for bartering issued by Defendant Mask should be reinvestigated and overturned because he was "forced" to plead guilty to avoid starvation due to "small food portions" served while he was in segregation.[7]

---

[4]Plaintiff requested that summons be issued for LCF/GEO [Doc. No. 14] but for unknown reasons that summons was never issued and LCF/GEO has not been served in this case. However, the undersigned finds Plaintiff's claims against LCF/GEO should be dismissed on screening, and it is therefore unnecessary to order service at this late date. *See infra*, pp. 13-14.

[5]Plaintiff's fifty-four page complaint is difficult to summarize, in part because rather than separately identifying specific claims as required by the form, Plaintiff simply sets forth a rambling, repetitive litany of allegations generally under the heading of "supporting facts" without reference to a particular claim or constitutional violation.

[6]References herein to page numbers of documents filed in this court reflect the court's Electronic Case Filing (ECF) pagination.

[7]Unless otherwise indicated, quotations in this report are reproduced verbatim.

*Id.*, pp. 9-11. Fourth, Plaintiff alleges that Defendant Miller failed to respond timely to a request to staff. *Id.*, p. 12. Fifth, Plaintiff complains about certain conditions of confinement that while in segregation - specifically, that he was: (1) fed only sack lunches for 11 days, (2) denied canteen, and (3) denied outdoor recreation. *Id.*, pp. 9, 12, 15. Sixth, Plaintiff alleges generally that while segregated he was told showers would not be allowed on weekends and he was denied: (1) medical care, (2) visitation, (3) programs, and (4) the opportunity to practice his religion. *Id.*, pp. 6-9. Seventh, Plaintiff argues that: (1) a non-defendant prison official required him to sign a release-from-segregation form, (2) a non-defendant prison official refused to respond timely to a request to staff, and (3) a non-defendant investigator became angry at Plaintiff. *Id.*, pp. 13-14. Finally, Plaintiff argues that non-defendant prison officials assaulted other Native American inmates and that a Native American inmate died while in segregation. *Id.*, pp. 5, 7, 11.

## **Standard of Review**

Defendants Miller and Mask seek dismissal under Fed. R. Civ. P. 12(b)(6). The court also has the responsibility to screen civil actions such as this one and dismiss those actions that fail to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Under either standard, in order to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendants Miller and Mask alternatively seek summary judgment. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must "'view the facts and inferences drawn from the record in the light most favorable to the nonmoving party.'" *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (citation omitted). Additionally, when an affirmative defense - such as the failure to exhaust administrative remedies - is asserted in a motion for summary judgment, Defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If Defendants meet this initial burden, Plaintiff must then demonstrate with specificity the existence of a disputed material fact, *see id.*, or "show that remedies were unavailable to him as a result of . . . prison officials['] [actions]." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). In the absence of either showing, Defendants would be entitled to summary judgment on the affirmative defense. *See Hutchinson*, 105 F.3d at 564.

**Equal Protection and Due Process Claims**

According to Plaintiff, his race-based segregation violated his right to equal protection and his right to due process because various hardships, including the denial of canteen, "holiday packs," visitation, and programs, were imposed without a hearing. Giving these claims liberal construction, it appears that Plaintiff contends Defendant Miller was responsible for the decision to segregate on the basis of race. *See* Plaintiff's Complaint, pp.

5-6, 9; *see also* Plaintiff's Objection, p. 5. However, the undisputed evidence establishes otherwise.

According to Defendant Miller, the decision to segregate the Native Americans was made by DOC officials. In an affidavit, Defendant Miller explains:

> On August 30, 2010, there was a massive conflict at LCF between Hispanic and Native American offenders, seemly without regard to gang involvement. Incidents occurred throughout the facility . . . .
>
> The attacks that occurred at LCF were not isolated and occurred at other medium security prison facilities throughout ODOC.
>
> On or around September 13, 2010, I received an e-mail from Renee Watkins, the private prison administrator for the ODOC, on behalf of Ed Evans, Associate Director of Field Operations for ODOC, directing me to segregate Hispanic and Native American offenders from general population.

Special Report, Att. 16, p. 1 [Doc. No. 36]; *see also* Plaintiff's Complaint, p. 24 (copy of request to staff in which the response asserts that "DOC made the final decision to lockdown"). Plaintiff does not contest this evidence. His argument that Defendant Miller denied a grievance on the issue does not contradict Defendant Miller's evidence that he was not the decision maker.[8] Plaintiff's Complaint, pp. 3-4.

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Here, the undisputed evidence

---

[8]Plaintiff also argues that Defendant Miller was personally responsible for "malicious and sadistic" harm to Native Americans because he was aware of the physical assaults that certain non-defendant prison officials committed on other segregated Native American inmates. *See* Plaintiff's Objection, pp. 3-4. Again, however, this argument does not contradict Defendant Miller's evidence regarding who made the decision to move the Native Americans to segregation and is otherwise irrelevant as Plaintiff cannot maintain a claim for the injury to others. *See infra*, p. 12.

reflects that DOC officials - and not Defendant Miller - were responsible for the decision to place the Native American inmates - including Plaintiff - in segregation. And, Defendant Miller's rejection of a grievance does not create personal liability for DOC's decision. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Consequently, the undersigned finds that based on the undisputed material facts Defendants are entitled to judgment as a matter of law on this claim. It is therefore recommended that Defendants' motion for summary judgment be granted with regard to Plaintiff's equal protection and due process claims. *See J.W. v. Utah*, 647 F.3d 1006, 1012 (10th Cir. 2011) (affirming the district court's granting of summary judgment on grounds of lack of personal participation where the evidence showed the named defendant was not responsible for the placement decision).

### Denial of Access to Court

According to Plaintiff, Defendant Mask denied him free photocopies of a document he wished to submit as evidence in an unrelated lawsuit. Plaintiff's Complaint, p. 7. He further concludes without any specific facts that he "was denied by Mindy Mask, Warden Miller, LCF Law Library and DOC . . . Racially Descriminated by all, Denial of access to the courts, Due Process Violation." *Id.,* p. 8. The undersigned recommends granting dismissal without prejudice of this claim.

The Fourteenth Amendment guarantees Plaintiff "the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993)

(citations omitted). However, to prevail on a claim involving denial of court access, Plaintiff must show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (holding that to prevail on a claim involving court access, plaintiff "'must show that any denial or delay of access to the court prejudiced him in pursuing litigation'" (citations omitted)).

Plaintiff alleges that he could not afford copies of a document he wished to present as evidence in an unrelated case, but he does not allege any prejudice from the inability to obtain the copies free of charge. The undersigned finds the failure to allege a resulting injury is fatal to Plaintiff's denial of access to court claim and recommends this claim be dismissed for failure to state a viable claim for relief. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (upholding dismissal of prisoner's denial of access to court claim based on the failure to allege an actual injury).

### Disciplinary Conviction for Bartering

Plaintiff asserts that while in segregation he plead guilty to a misconduct for "bartering," based on his admitted attempt to receive money from his mother sent through another inmate. Although still not denying that he engaged in bartering, Plaintiff now attempts to defend his conduct, arguing that he had no other option which would enable him to "eat and not starve" (apparently by using the money to get food from the canteen). Plaintiff's Complaint, pp. 10-11. Plaintiff asserts that "DOC and LCF forced [him] to take this action" and that therefore his conviction "should be reinvestigated and dismissed or overturned." *Id.*, p. 11. As with many of his allegations, Plaintiff does not identify any

constitutional violation that allegedly resulted from Defendants' actions in connection with the bartering misconduct. The undersigned find that even accepting Plaintiff's allegations as true, his claim fails to state a plausible basis for establishing a constitutional violation by either Defendant.[9]

To the extent these allegation are liberally construed as an attempt to raise a due process challenge to his misconduct conviction, Plaintiff fails to include sufficient facts to support a claim that his right to either procedural or substantive due process was violated. In order to state a due process claim, a plaintiff must allege the deprivation of a protectible property or liberty interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006)("A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered."). Moreover, in order to establish a liberty interest protected by the Due Process Clause, an inmate must allege conditions that are atypical to the expected conditions of his confinement. *See also Sandin v. Conner*, 515 U.S. 472, 284 (1995)(holding state-created liberty interests protected by the Due Process Clause are "limited to freedom from restraint, which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Because Plaintiff makes no such allegation or factual showing in

---

[9]The undersigned notes that the allegations underlying this challenge to his misconduct conviction - that the inmates in segregation were being "starved" "due to small portions of food" and the unavailability of access to the canteen - have been raised as a separate claim together with allegations about other the conditions of confinement in segregation. *See* Complaint, pp. 6-9, 15. Those claims have been construed as alleged violations of the Eighth Amendment, and dismissal of each has been recommended for failure to state a valid claim for relief. *See infra* pp. 9-13.

connection with his bartering conviction, this claim should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.[10]

## **Failure to Respond Timely**

Plaintiff alleges that Defendant Miller failed to respond timely to a request to staff. Plaintiff's Complaint, p. 12. To the extent Plaintiff is attempting to raise an independent claim for relief on this basis, his allegation fails to state a valid claim for relief.

Plaintiff lacks a protected liberty interest in the prison's grievance process. *See Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011) (remarking that "the state's voluntary provision of an administrative grievance process" does not "create a liberty interest in that process" (citations omitted)). As previously noted, absent a cognizable liberty or property interest, Plaintiff cannot state a viable due process claim. *Steffey,* 461 F.3d at 1221. Thus, even assuming Defendant Miller refused to timely answer a request to staff, such refusal would not state a claim for denial of due process, and this claim should therefore be dismissed with prejudice. *See id.*

## **Conditions of Confinement**

Plaintiff alleges that while in segregation, he was: (1) fed only sack lunches for 11 days, (2) denied canteen and "holiday packs," (3) denied outdoor recreation, and (4) told

---

[10]Defendants assert that Plaintiff failed to exhaust his administrative remedies with respect to this misconduct. Defendants' Motion, p. 36. Because, as discussed, this claim fails to state a claim upon which relief may be granted, the court may dismiss such claim without first requiring exhaustion of administrative remedies. 42 U.S.C. § 1997e(c)(2).

9

showers would not be allowed on weekends. Plaintiff's Complaint, pp. 9, 12, 15. Plaintiff also generally states that segregation prevented: (1) medical care, (2) visitation, (3) programs, and (4) religious practice. *Id.*, pp. 6-9. Although Plaintiff seems to rely primarily on these allegations as support for his argument that he was entitled to due process before being placed in segregation, the undersigned has liberally construed the complaint to raise independent claims of unconstitutional conditions of confinement.

The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus, Plaintiff must alleged that the deprivations were extreme, and that he was "denied a minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Because the sufficiency of a conditions of confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (citation omitted). With this consideration, the undersigned finds that these allegations fail to state a valid claim for relief and should therefore be dismissed.

## I. Limitation to Sack Lunches for 11 days

Plaintiff states that he was fed only sack lunches from September 13, 2010 until September 23, 2010 - a total of 11 days. Plaintiff's Complaint, p. 6. Even assuming the truth of the allegation, Plaintiff fails to state a valid claim for relief. *See Rogers v. Holt*, 49 Fed. Appx. 231 (10th Cir. 2002) (finding the substitution of sack lunches for five days fails to state a claim for cruel and unusual punishment); *see also, Adeleke v. Heaton*, 352 Fed. Appx.

904, 906 (5th Cir. 2009) (prisoner's claim that he was segregated for months and forced to eat sack lunches did not rise to the level of a constitutional violation); *Sawyer v. Jeffries*, No. 08-3016-SAC, 2008 WL 489275 at *3 (D. Kan. Feb. 20, 2008) (no Eighth Amendment violation where plaintiff placed on sack meals for two weeks). Therefore, this claim should be dismissed with prejudice.

## II. Denial of Canteen

According to Plaintiff, he was also denied canteen and the ability to order "holiday packs" while in segregation. Plaintiff's Complaint, pp. 8-9. Again, as an independent claim for relief, Plaintiff's allegation fails as a matter of law. Inmates lack any "constitutional right to purchase food from the canteen." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). To the extent Plaintiff complains that the lack of canteen violated DOC and LCF policies, such claim likewise fails as a matter of law. Plaintiff's Complaint, p. 9. "Section 1983 created a federal cause of action for damages to vindicate violations of federal law." *Jojola v. Charez*, 55 F.3d 488, 492 (10th Cir. 1995). Plaintiff cannot maintain a valid claim for relief under Section 1983 for the violation of prison policies. *See Walker v. Wilkerson*, 310 Fed. Appx. 284, 285 n. 1 (10th Cir. 2009) (holding that the district court properly dismissed inmate's claim that actions violated DOC policy). Therefore, this claim should be dismissed with prejudice.

## III. Denial of Outdoor Recreation

In his complaint Plaintiff alleges that "[a]ll Native Americans and Hispanics only get 4 hours Pod Rec a week." Plaintiff's Complaint, p. 15. In response to Defendants' motion,

11

Plaintiff adds that Native Americans were denied outdoor recreation for "7 to 8 months." Plaintiff's Objection, p. 6. Defendant Miller agreed that outside recreation was not feasible due to the large number of inmates on segregated status. *See* Special Report, Ex. 16. In any event, the lack of outdoor recreation for less than one year does not state a valid claim for relief under the Eighth Amendment. *See Ajaj v. United States*, 293 Fed. Appx. 575, 584 (10th Cir. 2008) (holding that a one-year "deprivation of outdoor recreation is not sufficiently serious to implicate the Eighth Amendment"). Therefore, this claim should be dismissed with prejudice.

**Denial of Weekend Showers, Medical Care, Visitation, and Religious Practice**

Plaintiff further states that he was informed on January 22, 2011 (four days before he filed suit) that showers would no longer be available on the weekends. Plaintiff's Complaint, p. 15. Plaintiff also states generally that segregation prevented: (1) medical care, (2) visitation, (3) programs, and (4) religious practice. *Id.*, pp. 6-7, 15. The undersigned finds that all of these claims are conclusory and fail to state a claim for relief.

For example, Plaintiff does not indicate whether showers were *actually* prohibited on weekends or whether he was personally denied weekend showers. Likewise, Plaintiff does not allege that he was personally denied medical care[11] and does not provide any factual

---

[11]Plaintiff criticizes the Special Report arguing that it lacks his medical records. Plaintiff's Objection, p. 7. But Plaintiff's conclusory allegation fails to even suggest that he was personally denied medical care. Under such circumstances, Plaintiff can hardly blame LCF officials for failing to include his unspecified personal medical records in the Special Report. *See, e.g., Moya v. Schollenbarger*, 465 F.3d 444, 457 (10th Cir. 2006) (noting that "conclusory and unsupported allegations fail to 'give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests'" (citation omitted)).

support for his claims regarding visitation, programs or religious practices. Without further factual support, the undersigned cannot engage in any meaningful analysis of these claims and they should be dismissed without prejudice. *See U.S. ex rel. Boothe v. Sun Heathcare Group, Inc.*, 496 F.3d 1169, 1175 (10th Cir. 2007) ("We have long made clear that . . . conclusory and ill-developed arguments are insufficient to permit us meaningful judicial review and will not be entertained."); *see also Monroe v. Owens*, 38 Fed. Appx. 510, 513 (10th Cir. 2012) ("[W]e construe the pleadings of pro se litigants liberally in their favor, although we adhere to the principle that unsupported conclusory allegations are insufficient to state a claim.").

## **Claims Involving Other Inmates and Non-Defendants**

Throughout the complaint, Plaintiff asserts claims involving other inmates and prison officials who are not parties to this action. For example, Plaintiff alleges that: (1) a Native American inmate died while in segregation due to a lack of medical care, (2) a non-defendant prison official threw milk on a segregated Native American inmate, (3) a non-defendant prison official choked a segregated Native American inmate, (4) a non-defendant prison official failed to respond to Plaintiff's request to staff, (5) a non-defendant prison official had Plaintiff sign a release-from-segregation form but Plaintiff was not released, and (6) a non-defendant investigator became angry with Plaintiff. Plaintiff's Complaint, pp. 5, 7, 11, 13-14.

An action brought under Section 1983 must be based on a violation of Plaintiff's personal rights and not on the rights of someone else. *See Swoboda v. Dubach*, 992 F.2d

286, 289-90 (10th Cir. 1993) (Section 1983 plaintiff lacks standing to bring claims on behalf of others). Thus, the undersigned finds that Plaintiff lacks standing to raise allegations based on the death or physical assault of other Native American inmates and those claims should be dismissed with prejudice. *See id.*

Further, Plaintiff cannot maintain claims against the referenced non-defendant prison officials. Plaintiff did not name these individuals as defendants and did not seek summons for these prison officials.[12] "Before a federal court may exercise personal jurisdiction over [an individual], the procedural requirement of service of summons must be satisfied.'" *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.* 484 U.S. 97, 104 (1987). Accordingly, the undersigned recommends that these claims be dismissed without prejudice.

### **Screening of the Claims Against LCF/GEO**

Plaintiff named LCF/GEO as a defendant. However, a corporation cannot incur liability under Section 1983 based solely on its contractual relationship with the state or the employment of a tortfeasor. *See Holly v. Scott*, 434 F.3d 287, 293 (4th Cir. 2006) (citation omitted) ("To be sure, GEO, like a great many private corporations, does business under contract with the government. But this is not by itself enough to subject it to constitutional liability, let alone to create such liability for its individual private employees."); *Dubbs v.*

---

[12]When an individual is named in the body of a complaint but not in the caption, the court may construe the complaint to name that party as a defendant. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) ("It has been held a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant . . . ."). Here, however, Plaintiff did not seek summons for the relevant prison officials and clearly made no attempt to sue these officials.

*Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("a private actor 'cannot be held liable *solely* because it employs a tortfeasor - or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory'" (emphasis in original; citation omitted)). Rather, LCF/GEO would incur liability under Section 1983 only if an unconstitutional policy or custom had existed which caused the underlying violation. *See Dubbs,* 336 F.3d at 1215-17; *see also Smedley v. Corrections Corporation of America*, 175 Fed. Appx. 943, 946 (10th Cir. 2005) ("in order to hold [the owner of a private prison] liable for the alleged tortious acts of its agents, [plaintiff] must show that [the company] directly caused the constitutional violation by instituting an 'official municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the constitutional violations").

Here, Plaintiff has failed to make any specific allegations against LCF/GEO, instead simply labeling the corporation as liable. Moreover, as discussed herein, no allegation of constitutional violation has survived. A corporation "may not be held liable [for an unconstitutional policy or custom] . . . if there are no underlying constitutional violations by its officers." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995). Consequently, the undersigned finds that Plaintiff has failed to state a valid claim against LCF/GEO, and that the claims against LCF/GEO should be dismissed without prejudice.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's claim involving his bartering misconduct and the claims

against Defendant LCF/GEO[13] be dismissed on screening. It is further recommended that Defendants' Motion [Doc. No. 37] be granted as to Plaintiff's remaining claims as set forth herein. Adoption of this recommendation would moot Plaintiff's pending motion for subpoena [Doc. No. 50], motion for appointment of counsel [Doc. No. 51][14] and motion to add evidence [Doc. No. 52].[15]

The parties are advised of their right to object to this Report and Recommendation by September 13, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

---

[13]Plaintiff requested that summons be issued for LCF/GEO [Doc. No. 14] but for unknown reasons that summons was never issued and LCF/GEO has not been served in this case. However, the undersigned finds Plaintiff's claims against LCF/GEO should be dismissed on screening, and it is therefore unnecessary to order service at this late date. *See infra*, pp. 13-14.

[14]Thus far, Plaintiff has shown competence in his ability to present his claims and make cogent legal arguments, and the issues do not appear to be complex.

[15]With his motion to add evidence, Plaintiff moves to introduce a prison memorandum noting that Defendant Miller had authorized the purchase of "thermal and sweat shirt pants." Doc. No. 52, p. 2. Plaintiff then states that "all Native Americans . . . [were] made to . . . freeze thru out the winter." *Id.*, p. 3. It is unclear what value Plaintiff believes this evidence would have on the underlying allegations, as the temperature in segregation throughout the winter was not at issue raised in the complaint. In any event, if the motion were construed as a request to amend the complaint to include such a claim, the claim would be subject to dismissal as conclusory.

16

ENTERED this 24th day of August, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE