IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS BON STOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0084-HE |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Thomas Bon Stout, a former state prisoner[1] appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against the Lawton Correctional Facility ("LCF"),[2] LCF Warden David Miller and LCF Trust Fund Manager Mindy Mask. He claims defendants violated his constitutional rights while he was incarcerated at the Lawton Correctional Facility ("LCF"). Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Roberts, who has recommended that plaintiff's claim involving a misconduct for bartering and his claims against defendant LCF be dismissed on screening[3] and that the motion to dismiss/motion for summary judgment filed by defendants Miller and Mask be granted as to plaintiff's remaining claims. Plaintiff, failed to object to the Report and Recommendation and thereby waived his right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73

---

[1] The magistrate judge noted in her Report and Recommendation that Mr. Stout was released from custody after he filed this action.

[2] As explained by the magistrate judge, GEO, Inc. is the corporate owner of LCF. Although plaintiff sued LCF, he referred to the corporate entity as "LCF/GEO."

[3] See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

F.3d 1057, 1059-60 (10th Cir. 1996).  *See* 28 U.S.C. § 636(b)(1)(C).

Accordingly, the court adopts Magistrate Judge Robert's thorough and well-reasoned Report and Recommendation.  Defendants' motion for summary judgment is granted with respect to plaintiff's equal protection and due process claims.  Plaintiff's claims against defendants for denial of access to the courts and his claim based on his bartering misconduct are dismissed without prejudice.  Plaintiff's claim based on defendant Miller's alleged failure to respond timely to a request to staff and his claims based on asserted unconstitutional conditions of confinement, specifically, limitation to sack lunches, denial of canteen, and denial of outdoor recreation, are dismissed with prejudice.  His claims based on alleged denial of weekend showers, medical care, visitation and religious practice are dismissed without prejudice.  Plaintiff's claims involving other inmates are dismissed with prejudice, while his claims against prison officials who were not named as defendants and served with process, are dismissed without prejudice.  Plaintiff's claims against LCF/GEO are dismissed without prejudice.  Defendant's motion [Doc. #37] is **GRANTED** as set forth above.  Plaintiff's motion for subpoena [Doc. #50] is **DENIED** as being **MOOT**, as are his motions requesting appointed counsel [Doc. #51] and to add evidence [Doc. #52].

**IT IS SO ORDERED**.

Dated this 27th day of September, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE